ON MOTION FOR REHEARING

WARNER, J.
The state moves for rehearing, citing two cases from foreign jurisdictions that it contends conflict with our holding. However, each case is distinguishable.
In State v. Marcy, 165 Vt. 89, 680 A.2d 76 (1996), the tape recorded statement of a domestic violence victim was admitted as a past recollection recorded. The main issue for the court was whether the statement accurately reflected the victim’s knowledge at the time of the incident. See id. at 79. There was “no dispute” that the tape recorded statement was the victim’s, and she indicated that had she talked to the police, she would have tried to be truthful. In addition, the state also relied upon testimony of the victim advocate, who spoke with the victim at the time of the incident, to lay a foundation for the admissibility of the statement. See id. In contrast, the witness in this case would not even identify the taped statement as being his own or indicate that he would have been truthful *631 had he spoken with the police. In short, nothing other than the detective’s testimony that the voice on the taped statement was that of the witness was offered to support the admissibility of the statement. This is insufficient to support the admission of the statement as a past recollection recorded. Likewise, State v. Alvarado, 89 Wash.App. 543, 949 P.2d 831 (1998), is also distinguishable in that the witness in Alvarado admitted making a statement to the police.
Because the witness in this case neither indicated that the statement was made by him nor that it would have been accurate when made, the statement was inadmissible hearsay.
STEVENSON and TAYLOR, JJ., concur.